**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 02-0015-9 Erie** |
| | ) | |
| **REGINALD MANSFIELD** | ) | |
| | ) | |

**Opinion and Order**

Before the Court is defendant Reginald Mansfield's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

On October 16, 2002, Reginald Mansfield pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). On February 4, 2003, Mr. Mansfield was sentenced to 63 months' imprisonment, and five years supervised release.

Mr. Mansfield did not file an appeal of his sentence, but he did file a motion to modify sentence (Doc. 490), arguing that his offense level should have been reduced four levels due to his minor or mitigating role in the offense. The government filed a response opposing the motion (Doc. 495), to which Mr. Mansfield filed a reply (Docs. 499, 502). However, before ruling on the motion the Court issued a <u>Miller</u> notice interpreting Mr. Mansfield's motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Mr. Mansfield chose to have his motion be treated as a section 2255 petition. He also filed an Addendum (Doc. 497) in further support of his motion, which we also view as part of his 2255 petition. The government then filed its response to Mr. Mansfield's section 2255 petition (Doc. 525), to which Mr. Mansfield filed a Response (Doc. 526). In his petition, Mr. Mansfield claims that his counsel was ineffective in failing to argue for an additional minor/minimal participant reduction pursuant to U.S.S.G. §§ 2D1.1(c)(3) and (a)(3). For the reasons that follow we will deny his petition.

## I. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

When a motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

## II. Discussion

Mr. Mansfield claims that he was eligible for up to a four-level reduction in his offense level under amendment 640 to sections 2D1.1(c)(3) and (a)(3) of the Sentencing Guidelines. He further

2

alleges that his counsel was ineffective in not raising or pursuing this reduction prior to sentencing. As a result, he contends he was deprived of receiving a lower sentence. Because we find that there is no basis for an additional four-level reduction, Mr. Mansfield's counsel cannot be found ineffective and we will deny his petition.

## A. Mr. Mansfield's Guideline Sentence Calculations

The United States Probation Office prepared a presentence investigation report for Mr. Mansfield in which his base offense level was determined to be 30. The base offense level was arrived at by using the Drug Quantity Table under U.S.S.G. § 2D1.1(c)(5), which calls for a base offense level of 30 when the offense involved at least 3.5 Kilograms but less than 5 Kilograms of cocaine. Mr. Mansfield received a three-level reduction in his offense level based on his timely acceptance of responsibility. He also received an additional three-level reduction based on his mitigating role in the offense under section U.S.S.G. § 3B1.2, giving him a total offense level of 24. With a criminal history category of III and an offense level of 24, Mr. Mansfield's guideline sentencing range of imprisonment was 63 to 78 months. As noted, he was sentenced at the low end of this range, to 63 months' imprisonment.

Mr. Mansfield's three-level reduction based on his mitigating role in the offense under section U.S.S.G. § 3B1.2, was set forth as part of his plea agreement with the government. Without the 3-level reduction for his mitigating role in the offense, Mr. Mansfield would have been facing a range of 87 to 108 months' imprisonment.

## B. Section 2D1.1 and Amendment 640

Mr. Mansfield argues that in addition to the three-level reduction for his mitigating role, he should have also received up to an additional four-level reduction. He claims that pursuant to Amendment 640 to section 2D1.1(a)(3) he is in fact eligible to be considered for up to an additional four-level reduction. As explained by Mr. Mansfield,

> at the time of Petitioner's sentencing, [under] 2D1.1(a)(3) and (c)(3) the defendant could not have an offense level score exceeding 30 and must be considered as having a minor or minimal role in the offense to be considered for an additional four (4) level reduction. Both requirements are clearly met by Reginald Mansfield. Mr.

3

Mansfield's total offense level was reduced to level 24 and his Pre-Sentencing Investigation Report (PSR) clearly demonstrates and states he played a minor or minimal role.

(Petitioner's Response to the Government's Response in Opposition (Doc. 526), at 2.)

Section 2D1.1 is titled "**Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy.**" Section 2D1.1(c) sets forth drug quantity tables used for determining a defendant's base offense level. Although Mr. Mansfield continually refers to section 2D1.1(c)(3) in his pleadings, that section is merely just one part of the drug quantity tables and is not relevant to Mr. Mansfield's argument. He also refers to the more relevant section 2D1.1(a)(3), which concerns application of a defendant's base offense level.

Before Amendment 640 came into effect, section 2D1.1(a)(3) had instructed as follows:

> (a) Base Offense Level (Apply the greatest):
> . . .
> (3) the offense level specified in the Drug Quantity Table set forth in subsection (c) below.

Thus, under the old section even if a defendant was found to be a minor or minimal participant he would always start with a base offense level that actually corresponded to the amount of drugs attributed to him.

At the time Mr. Mansfield was sentenced section 2D1.1(a)(3) had been amended by Amendment 640 to "somewhat limit[] the sentencing impact of drug quantity for offenders who perform relatively low level trafficking functions, have little authority in the drug trafficking organization, and have a lower degree of individual culpability . . . ." U.S.S.G Supplement to App. C, November 1, 2002, at 259. Thus, section 2D1.1(a)(3) was amended to state as follows:

> (a) Base Offense Level (Apply the greatest):
> . . .
> (3) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30.

The Sentencing Commission explained that Amendment 640 "modifies §2D1.1(a)(3) to provide a maximum base offense level of level 30 if the defendant receives an adjustment under §3B1.2

4

(Mitigating Role)." U.S.S.G Supplement to App. C, November 1, 2002, at 259. The Commission further explained that the Commission had "determined that, ordinarily, a maximum base offense level of level 30 adequately reflects the culpability of a defendant who qualifies for a mitigating role adjustment." U.S.S.G Supplement to App. C, November 1, 2002, at 259.[1]

Before the amendment, the base offense level would be the offense level indicated by the quantity of drugs the defendant was responsible for, even if he was eligible for an adjustment under §3B1.2 (Mitigating Role). For example, a defendant eligible for an adjustment for his mitigating role who is charged with between 50 and 150 Kilograms of cocaine would receive a base offense level of 36 under prior section 2D1.1(a)(3). After amendment 640 came into effect, the same defendant would not have a base offense level of 36, but instead would have the maximum base offense level of level 30.

In addition, after amendment 640 came into effect a defendant eligible for an adjustment for his mitigating role charged with a lower drug quantity corresponding to a bas offense level of 30 or below would not be affected by the amendment. Such a defendant would receive the actual base offense level according to the drug quantity tables since a level of 30 or less is "not more than level 30." This last example fits Mr. Mansfield's circumstances. He was charged with a drug quantity corresponding to a base offense level of 30. Since a base offense level of 30 is "not more than level

---

[1] For completeness sake we note that section 2D1.1(a)(3) was amended again and currently states as follows:

(a) Base Offense Level (Apply the greatest):

. . .

(3) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels.

Under the current Guidelines a defendant who receives an adjustment under §3B1.2 (Mitigating Role) will receive a base offense level that actually corresponds to the amount of drugs he is charged with up to level 30, and a reduced base offense level for amounts that correspond to offense levels 32, 34, 36, and 38. Thus, a defendant who receives an adjustment under §3B1.2 (Mitigating Role) who is charged with a quantity of drugs corresponding to a base offense level of: (i) 32, will actually receive level 30; (ii) 34, will actually receive level 31; (iii) 36, will actually receive level 33; and (iv)38, will actually receive level 34.

5

30," Mr. Mansfield's base offense level remained at 30. Thus, even though he was a "defendant [who] receives an adjustment under §3B1.2 (Mitigating Role)," thereby triggering the "except" clause of 2D1.1(a)(3), there was no adjustment to be made to his base offense level of 30 since it already complied with the provision his "base offense level under this subsection shall be not more than level 30."

## C. Analysis

Mr. Mansfield believes that at the time of sentencing he "was entitled to be considered for an additional offense level reduction of up to four (4) levels in addition to the three (3) level reduction [he] received under U.S.S.G. Section 3B1.2." (Response to Government's Brief in Opposition (Doc. 502), at 3.) He argues as follows:

> Because movant's PSR denotes [that Mr. Mansfield] played a mitigating role as a minor or minimal participant U.S.S.G. Amendment 2D1.1(c)(3) is expressly valid for consideration by this Court for up to an additional (4) four offense level reduction. This reduction is in addition to the (3) three levels of reduction received for a mitigating role under Section 3B1.1. and (3) three levels of reduction for acceptance of responsibility.

(Addendum to Motion Pursuant to Title 28 U.S.C. § 2255 (Doc. 497), at 4.) He contends that there are two prerequisites he has to meet in order to be eligible for the "additional" 4-level reduction: (1) that he could not have an offense level score exceeding 30; and (2) he must be considered as having a minor or minimal role in the offense. (Petitioner's Response to the Government's Response in Opposition (Doc. 526), at 2.) He believes that he has met these two requirements because the PSR acknowledged his minor or minimal role in the offense (subsequently adopted by the Court), and his "total offense level was reduced to level 24." (Petitioner's Response to the Government's Response in Opposition (Doc. 526), at 2.) As further support for his position, Mr. Mansfield cites to Amendment 640, which he states "specifically stipulates that this section does not diminish or otherwise effect the reduction level [s] offered by 3B1.[2]." (Addendum to Motion Pursuant to Title 28 U.S.C. § 2255 (Doc. 497), at 4-5.)

Mr. Mansfield misapprehends the application of the Guidelines in his case. Section 2D1.1(a)(3) concerns instructions on applying the base offense level, not the total offense level.

6

The Guidelines applicable to Mr. Mansfield capped his base offense level at 30, which coincidentally, is the same base offense level corresponding to the actual quantity of drugs attributable to Mr. Mansfield. Because Mr. Mansfield's base offense level did not exceed 30, there was no change to his base offense level under the exception in 2D1.1(a)(3). In other words, when looking at 2D1.1(a)(3) in relation to Mr. Mansfield's case the Probation Officer would see that even though Mr. Mansfield is in fact a defendant who "receives an adjustment under §3B1.2 (Mitigating Role)," the actual base offense level specified in the Drug Quantity Table is already "not more than level 30," and therefore the Probation Officer would have no reason to reduce Mr. Mansfield's base offense level.

Had Mr. Mansfield been charged with a greater quantity of drugs such that the Drug Quantity Tables assigned a base offense level of 32 or higher, then under 2D1.1(a)(3) Mr. Mansfield's base offense level would be adjusted to a base offense level of 30 in order to comply with section 2D1.1(a)(3)'s directive that his base offense level "shall be not more than level 30." Mr. Mansfield is simply wrong in suggesting that his final total offense level of 24, arrived at after applying reductions for acceptance of responsibility and his mitigating role, has any application or connection to section 2D1.1(a)(3). The only reduction relevant to section 2D1.1(a)(3) concerns a reduction of a defendant's base offense level such that the base offense level does not exceed 30.

Mr. Mansfield appears to not understand the plain meaning of 2D1.1(a)(3)'s directive that any defendant who receives a reduction under 3B1.2 must not have a base offense level higher than 30. Instead, he appears to mistakenly believe that the language of 2D1.1(a)(3) means that a defendant who receives a reduction under 3B1.2 and whose offense level does not exceed 30, is also eligible for an additional 4-level reduction. Mr. Mansfield then further supports his argument by citing to the true proposition that receiving the benefit of a 2D1.1(a)(3) base offense level reduction does not diminish or otherwise effect the reduction offered by 3B1.2. However, even though this proposition is true on its face, it does not mean what Mr. Mansfield thinks it means.

The Sentencing Commission explained that Amendment 640 added "an application note in §3B1.2 that instructs the court to apply the appropriate adjustment under [section 3B1.2] in a case in

7

which the maximum base offense level in §2D1.1(a)(3) operates to reduce the defendant's base offense level under §2D1.1." U.S.S.G Supplement to App. C, November 1, 2002, at 259. Application note 6 to section 3B1.2 states:

> **6. Application of Role Adjustment in Certain Drug Cases.**—In a case in which the court applied §2D1.1 and the defendant's base offense level under that guideline was reduced by operation of the maximum base offense level in §2D1.1(a)(3), the court also shall apply the appropriate adjustment under this guideline.

This Application note, as well as the commentary by the Commission, is meant to insure that when a defendant receives the benefit of a section 2D1.1(a)(3) reduction in his base offense level to the maximum level of 30, that he will also receive an appropriate reduction of 2, 3, or 4 levels under section 3B1.2. Put another way, the Commission wanted to make sure that a court did not think that a reduction in the base offense level under section 2D1.1(a)(3) accounted for or replaced the reduction a defendant is entitled to under 3B1.2.

Since Mr. Mansfield's base offense level was not reduced "by operation of the maximum base offense level in §2D1.1(a)(3)" (because he already was at level 30), there was no danger that the court would mistakenly think that Mr. Mansfield had already received a benefit from his mitigating role. More importantly, the Court actually did apply the appropriate adjustment under section 3B1.2 and reduced Mr. Mansfield's base offense level by 3 levels. Mr. Mansfield was not entitled to any additional reductions. He received a 3-level reduction under §3B1.2, and his base offense level under section 2D1.1(a)(3) was not more than level 30. The "additional" reductions that Mr. Mansfield argues for are based on his erroneous understanding of the applicable Guideline sections and his false belief that his total offense level of 24 is relevant with respect to section 2D1.1(a)(3). There was no error here.

### C. Ineffective Assistance of Counsel

"A claim of ineffective assistance requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993); Strickland v. Washington, 466 U.S. 668, 687-688 (1984), cert. denied, 510 U.S. 1028 (1993). "To establish

8

prejudice, a defendant must demonstrate that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (quoting Strickland, 466 U.S. at 694).

As noted, Mr. Mansfield claims that his counsel was ineffective for failing to address the additional 4-level reduction. Because there was no basis for counsel to believe that Mr. Mansfield was entitled to an additional reduction in his offense level above and beyond the 3-level reduction for his mitigating role and the 3-level reduction for acceptance of responsibility, counsel cannot be found ineffective. There is no evidence before us to indicate that counsel's conduct in this case was in any way constitutionally deficient. In fact, Mr. Mansfield's counsel was very effective in negotiating a plea agreement that included the provision that the government agreed that Mr. Mansfield was eligible for the 3-level reduction based on his mitigating role, despite the fact that the drug quantity involved was more than 3.5 Kilograms. Thus, we find that counsel was not ineffective.

## III. Conclusion

Mr. Mansfield's section 2255 motion will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this ___$8^{\overline{th}}$___ day of January, 2007, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 490), be and hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's instant Order denying Mr. Mansfield's § 2255 Motion because, for the reasons set forth in the Opinion accompanying this Order which addresses his § 2255 Motion, Mr. Mansfield not "made a substantial showing of the

9

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Third Circuit Local Rule 22.2

(stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is

sufficient if the order denying the certificate [of appealability] references the opinion . . . .").


_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge


cc:     Reginald E. Mansfield, *pro se*
        10470-068
        FCI-Morgantown
        P.O. Box 1000
        Morgantown, WV 26507

        Assistant United States Attorney (by electronic mail)

10